UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

RICK POHL,

    Plaintiff,

v.

CHARLOTTE BEHAVIORAL HEALTHCARE, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICK POHL ("Mr. Pohl" or "Plaintiff") files this Complaint against Defendant, CHARLOTTE BEHAVIORAL HEALTHCARE, INC. ("CBH" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for retaliation in violation of Section 440.205, Florida Statutes ("WCR"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND FMLA COVERAGE**

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCR claims, as they arise out of the same operative facts and circumstances as Plaintiff's FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Charlotte County, Florida, therefore this venue is proper.

7. Defendant is a Florida not for profit corporation that is located and does business in Charlotte County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. On or around August 20, 2019, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On November 20, 2020, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

17. Mr. Pohl worked for CBH as a Maintenance Worker from approximately February 2017, until his unlawful termination on February 15, 2019.

18. As part of his responsibilities as a Maintenance Worker, CBH required Mr. Pohl to bend, squat, and kneel in order to successfully complete his duties.

19. However, after two (2) years of working diligently in this labor-intensive position, Mr. Pohl's neck, joints, and back began to exhibit signs of extreme strain and failure.

20. Mr. Pohl's injury to his neck, joints, and back are physical impairments that substantially limit his major life activities of performing manual tasks, walking, standing, and lifting.

21. As a result, Mr. Pohl's chronic physical impairments are considered protected disabilities under the ADA and the FCRA.

22. Additionally, Mr. Pohl's ongoing need to address his chronic pain, injuries, and disabilities, is considered a serious medical condition under the FMLA.

23. In response to his disabilities and injuries, which constitute a serious medical condition, on or around February 2019, Mr. Pohl consulted CBH's Human Resources Representative, "Shelly," disclosed his disabilities and injuries to her, and inquired about workers' compensation benefits based on what was a clear workplace injury based on repetitive use.

24. Shelly summarily refused Mr. Pohl's request for reasonable accommodations and workers' compensation information and advised him that his injuries were not covered under his workers' compensation benefits.

25. As a result of this refusal, CBH unlawfully coerced Mr. Pohl to not file a worker's compensation claim, in violation of the WCR.

26. To make matters worse, pursuant to the FMLA, Mr. Pohl timely notified CBH's upper management of his injuries and need for medical attention and time off for work for treatment.

27. Despite this, CBH neglected to advise Mr. Pohl of his rights under FMLA or provide him with FMLA documentation to protect any anticipated absences due to his injuries.

28. This failure alone is tantamount to actionable interference under the FMLA.

29. Less than one week after his inquiry into workers' compensation benefits, on February 15, 2019, CBH took the ultimate retaliatory step against Mr. Pohl and terminated his employment.

30. Such a discriminatory and retaliatory unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, the WCR, and the FMLA were intended to prevent.

31. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, disability discrimination and retaliation, and retaliation for seeking workers' compensation benefits.

32. The timing of Plaintiff's termination makes the causal connection between his attempted use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, his inquiry into WCR rights, and his termination sufficiently clear.

33. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

34. Mr. Pohl is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Maintenance Worker.

35. Allowing Mr. Pohl to utilize a period of unpaid leave to rest, and seek medical attention without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

36. In reality, Defendant's termination of Mr. Pohl stemmed from its discriminatory animus toward his very recent disability disclosure and need for reasonable accommodations under the ADA/FCRA.

37. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

38. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

39. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

40. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

41. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requiring time off work to seek treatment, and for requesting reasonable accommodation.

42. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Pohl based solely upon his disability.

43. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

44. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

45. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

46. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

47. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

50. Additionally, as a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

51. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

52. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Pohl notifying CBH of his serious health condition, and in retaliation for Mr. Pohl attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

53. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his attempted utilization of what should have been protected FMLA leave.

54. Defendant did not have a good faith basis for its actions.

55. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

56. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

57. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 20, 22, 23, 26 through 32, 50 through 58, above.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his serious health condition.

62. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

63. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

8

64. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5 through 9, 17 through 20, 22, 23, 26 through 32, 50 through 58, above.

66. At all times relevant hereto, Plaintiff was protected by the FMLA.

67. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

68. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

69. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

70. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

71. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 21, 23, 24, 29 through 49, and 54 through 58, above.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

74. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 21, 23, 24, 29 through 49, and 54 through 58, above.

80. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

81. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

84. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

85. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

86. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 21, 23, 24, 29 through 49, and 54 through 58, above.

87. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt she was being discriminated against based on his disability.

88. Plaintiff's objections constituted protected activity under the ADA.

89. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

90. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

91. Defendant's stated reasons for Plaintiff's termination are a pretext.

92. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

95. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

96. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 21, 23, 24, 29 through 49, and 54 through 58, above.

97. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

98. Plaintiff's objection constituted protected activity under the FCRA.

99. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

100. Plaintiff's objection to Defendant's illegal conduct, and his termination, are causally related.

101. Defendant's stated reasons for Plaintiff's termination are a pretext.

102. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

103. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

104. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

105. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VII**
**VIOLATION OF WORKERS' COMPENSATION RETALIATION STATUTE**
**AT SECTION 440.205, FLORIDA STATUTES**

106. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 17 through 20, 22 through 25, 29 through 32, 54 through 58, above.

107. Plaintiff engaged in protected activity by claiming or attempting to claim compensation under Florida's workers' compensation law.

108. Plaintiff was retaliated against and fired within a short temporal proximity of claiming or attempting to claim compensation under Florida's workers' compensation law.

109. Defendant's stated reason for terminating Plaintiff is pretext.

110. But for Plaintiff's engagement in protected activity, Plaintiff would not have been

terminated by Defendant.

111.   Plaintiff was terminated within close temporal proximity to his claim or attempt to claim compensation under Florida's workers' compensation law, and within close temporal proximity to his objections to Defendant's violations of same.

112.   As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor against Defendant and relief in the form of actual and compensatory damages, including lost wages, and other remuneration; front and back pay; declaratory and injunctive relief; pre-judgment and post-judgment interest, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 17th day of December, 2020.

                        Respectfully Submitted,

                        **By:** */s/ Noah Storch*
                        Noah E. Storch, Esq.
                        Florida Bar No. 0085476
                        RICHARD CELLER LEGAL, P.A.
                        10368 W. SR 84, Suite 103
                        Davie, Florida 33324
                        Telephone: (866) 344-9243
                        Facsimile: (954) 337-2771
                        E-mail: noah@floridaovertimelawyer.com