UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICK POHL,

      Plaintiff,

v.                                                                    Case No. 2:20-cv-983-JES-NPM

CHARLOTTE BEHAVIORAL
HEALTHCARE, INC.,

      Defendant.

## ORDER

Before the Court is a Motion to Stay Discovery (Doc. 35). Plaintiff Rick Pohl filed a Response (Doc. 38) and, with leave of Court, Defendant Charlotte Behavioral Health Care, Inc. ("Charlotte Behavioral") filed a Reply (Doc. 41). For the following reasons, the Court denies the motion.

This is an employment-discrimination action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et seq.*; and the Workers' Compensation Retaliation statute ("WCR"), Fla. Stat. § 440.205. (Doc. 32). In short, Pohl worked for Charlotte Behavioral as a maintenance worker. (Doc. 32, ¶ 17). After working at this position for approximately two years, Pohl claims he suffered injuries to his neck, joints, and

back. (Doc. 32, ¶¶ 19-20). Pohl alleges Charlotte Behavioral coerced him into not filing a workers' compensation claim and neglected to advise him of his rights under the FMLA. (Doc. 32, ¶¶ 23-24, 27-30). Less than a week after his workers' compensation inquiry, he was terminated. (Doc. 32, ¶ 31). Seeking redress for Charlotte Behavioral's purportedly wrongful conduct, Pohl advances the following theories of recovery:

> Count I - Unlawful Interference Under the FMLA;
>
> Count II - Unlawful Retaliation Under the FMLA;
>
> Count III - Discrimination Under the ADA Based on Disability;
>
> Count IV - Discrimination Under the FCRA Based on Disability;
>
> Count V - Retaliation Under the ADA Based on Disability;
>
> Count VI - Retaliation Under the FCRA Based on Disability; and
>
> Count VII - Violation of the WCR statute.

(Doc. 32, pp. 9-16). Charlotte Behavioral moved to dismiss the unlawful interference claim brought under the FMLA (count I), as well as the retaliation claims brought under the FMLA, the ADA, and the FCRA (counts II, V, and VI)—but not the retaliation claim brought under the WCR statute (count VII). (Doc. 33). The motion to dismiss, which was filed on May 11, 2021, and became ripe on June 22, 2021, remains pending.

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery are disfavored because delay can create case-management problems and unnecessary litigation expenses. *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, *2 (S.D. Fla. May 14, 2021) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). To prevail on a request to stay discovery, the moving party has the burden to show not only good cause and reasonableness, but also prejudice or burdensomeness. *Id.* (citing *Montoya v. PNC Bank, N.A.*, No. 14-20474-cv, 2014 WL 2807617, *2 (S.D. Fla. June 20, 2014); *Feldman*, 176 F.R.D. at 652)).

Charlotte Behavioral's argument is grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). But *Chudasama* does not stand for the proposition that discovery should generally be stayed pending resolution of a motion to dismiss. *Cuhaci*, 2021 WL 1945819, at *2 (collecting cases). The *Chudasama* court faced a specific situation involving an unjustifiable delay by the district court in ruling on motions to dismiss, an erroneous decision to compel discovery from the defendant prior to ruling on the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-cv, 2012 WL 5471793, *3 (S.D. Fla. Nov. 9, 2012). None of these factors are present here.

Rarely will a court stay discovery when the motion to dismiss would not dispose of the entire case. *Cuhaci*, 2021 WL 1945819, at *2 (citing *Feldman*, 176 F.R.D. at 652-653). Nor will it stay discovery unless the moving party demonstrates prejudice or burdensomeness. *Id.* Here, Charlotte Behavioral seeks to dismiss four of the seven counts in the operative complaint. Even if its motion were granted, the action would continue as both a discrimination and retaliation suit. Charlotte Behavioral has not shown how allowing discovery to proceed while the motion to dismiss is pending would cause any prejudice or undue burden, or that any other good cause exists to warrant a stay.

Accordingly, the Motion to Stay Discovery (Doc. 35) is **DENIED**. To the extent that Charlotte Behavioral has not responded to any pending written discovery requests, it is directed to do so by **August 9, 2021**.

**ORDERED** in Fort Myers, Florida on July 19, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE